United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51080
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY TODD WILLIAMS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-243-1
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jeffrey Todd Williams appeals the denial of his motion to suppress and subsequent jury-trial convictions and sentences for aiding and abetting the attempt to manufacture five grams or more of methamphetamine and two counts of aiding and abetting the possession of chemicals with cause to believe they would be used to manufacture methamphetamine. Williams argues that there was no reasonable suspicion to support the traffic stop of his vehicle, but he provides no explanation or analysis of why the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred by rejecting this contention.  As Williams has not attempted to challenge the district court's analysis of this issue, he has waived the issue.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (appellant's failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment).  As Williams does not challenge any other aspect of the district court's denial of his motion to suppress, he has waived any such challenge.  See United States v. Fagan, 821 F.2d 1002, 1015 (5th Cir. 1987) (This court "do[es] not search the record for unassigned error, and contentions not raised on appeal are deemed waived.").

Williams argues that the evidence was insufficient to support his convictions.  From the testimony of his co-defendant Ron Marriott and the police officers who searched the residence Williams owned, the jury could reasonably conclude that the underlying offenses occurred, that Williams associated with the methamphetamine manufacturing operation, that Williams participated in the operation, and that Williams sought to make the operation succeed.  Accordingly, the evidence was sufficient to support Williams's convictions.  See United States v. Garcia, 242 F.3d 593, 596-97 (5th Cir. 2001) (defendant allowing others to use his property to store marijuana sufficient to support aiding and abetting conviction).

Williams recounts the objections he made to expert testimony introduced by the Government at sentencing, but he does not offer

any explanation or analysis of why he believes the district court's rulings on this issue were erroneous. Accordingly, to the extent that he is challenging the district court's admission of the expert testimony, his challenge is waived. See Brinkmann, 813 F.2d at 748.

Williams argues that the sentence imposed violates his due process rights as set forth in United States v. Booker, 543 U.S. 220 (2005). At sentencing, the district court, in light of Booker, calculated Williams's guidelines sentence range, acknowledged that the Guidelines were advisory, and exercised its discretion to sentence Williams within the guidelines range. This was the proper procedure, and the district court did not violate Williams's due process rights by sentencing him in this manner. See United States v. Johnson, __ F.3d __, No. 05-60695, 2006 WL 870499, *3-*4 (5th Cir. Apr. 4, 2006).

AFFIRMED.